Gene's, Inc., Appellant, *v.* Public Utilities Commission of Ohio et al., Appellees.

(No. 76-998—Decided June 15, 1977.)

*Paul F. Beery Co., L. P. A.,* and *Mr. Michael Spurlock,* for appellant.

*Mr. William J. Brown,* attorney general, *Mr. Charles S. Rawlings* and *Mr. Mark Sholander,* for appellee Public Utilities Commission.

*Messrs. Sanborn, Brandon & Duvall, Mr. James Duvall* and *Mr. E. H. van Deusen,* for appellee intervenor.

*Per Curiam.* Appellant asserts that the 60-day order did not detail with sufficient particularity the manner in which appellant was to improve its service.

R. C. 4921.10 and 4921.12, then in effect,[2] provide a two-tier process for the granting of a new certificate of public necessity and convenience by the commission. The first tier is a determination of whether a new certificate should be granted to an applicant, which necessarily requires a showing by the applicant that the service of the current certificate holder is inadequate. If the commission so finds, it will issue an order requiring the holder to remedy any deficiencies within 60 days. The second tier is a later determination of whether the current certificate holder has complied with the provisions of the 60-day order. See *Motor Service Co.* v. *Pub. Util. Comm.* (1974), 37 Ohio St. 2d 1, 7.

A 60-day order must state, with specificity, the ways in which an existing transporter's service is inadequate. *Commercial Motor Freight* v. *Pub. Util. Comm.* (1951), 156 Ohio St. 360. Such specificity is necessary (1) to fully apprise the motor carrier of how to improve his service, and thereby to avoid the impending consequences of his failure to meet the public need, and (2) to enable this court to make a meaningful review of the commission's opinion and order, should the carrier choose to appeal the commission's order before attempting compliance. See *Motor Service Co.* v. *Pub. Util. Comm., supra,* at page 8.

Appellant previously had this court review the commission's determination that public convenience and necessity demanded additional service, in *Gene's, Inc.,* v. *Pub. Util. Comm., supra* (36 Ohio St. 2d 162). If appellant wished this court to review the issue of its inability to decipher

---

[2]R. C. 4921.10 and 4921.12 have been amended effective September 1, 1976, to eliminate the 60-day order as a condition precedent to the granting of new certificates of public convenience and necessity.

the commission's 60-day order and thus comply with it, appellant should have raised that issue when last before us, not at this stage. Since appellant did not ask this court to require additional particularity by the commission, it implied that it fully understood the order. Appellant thus attempted to comply at its peril, for it is the commission which determines whether its order has been complied with. Such determination will not be disturbed by this court unless it is manifestly against the weight of the evidence, or is unreasonable or unlawful. *H. & K. Motor Transportation, Inc., v. Pub. Util. Comm.* (1939), 135 Ohio St. 145.

Upon review of the record, we find that the commission's order of May 27, 1976, is not manifestly against the weight of the evidence, nor is it unreasonable or unlawful. Appellant's first proposition of law is overruled.

Appellant urges further that the restrictive amendment to the application offered by appellee intervenor was tacitly accepted by the commission prior to this court's decision in *Gene's, Inc., supra,* and that this proposed amendment was offered by the applicant to appease the protestant.

The restrictive amendment was offered on November 2, 1971, far in advance of our decision in *Gene's, Inc.* We will not allow appellant to now object to the commission's failure to adopt the amendment before August 8, 1974, since appellant was silent on that amendment when last before us and did not assert the issue to the commission until well subsequent to the case.

The commission argues that it did not have the authority to act on the amendment because of its absence in *Gene's, Inc.* Such reasoning is not unreasonable. Appellant's second proposition of law is overruled.

We find that the order of May 27, 1976, is not unreasonable or unlawful, or manifestly against the weight of the evidence, and thus the order is affirmed.

*Order affirmed.*

O'NEILL, C. J., HERBERT, CELEBREZZE, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.